UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

CHAD NOBLE (05)

Case No. 2:11-cr-00009-JMS-CMM

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, | ) | |
| *vs.* | ) | 2:11-cr-00009-JMS-CMM |
| CHAD NOBLE, *Defendant*. | ) | -05 |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Chad Noble (05) has filed a Motion for Compassionate Release, [Filing No. 1042], which is ripe for the Court's review.

## I.
## BACKGROUND

On July 19, 2011, Mr. Noble was charged by Superseding Indictment with one count of Conspiracy to Possess With Intent to Distribute and to Distribute 50 Grams or More of Methamphetamine (Actual) and 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). [Filing No. 200.] On October 25, 2012, a jury found Mr. Noble guilty of the charge and the Court sentenced him on February 5, 2013 to life imprisonment and 10 years of supervised release. [Filing No. 599; Filing No. 652.] Because the Government had filed an information under 21 U.S.C. § 851 alleging that Mr. Noble had previously been convicted of multiple felony drug offenses, [Filing No. 514], life imprisonment was the mandatory sentence under the law as it existed at the time that he was sentenced. 21 U.S.C. § 841(b)(1)(A) (eff. Aug. 3, 2010 to Dec. 20, 2018).

Mr. Noble has filed his Second Motion for Compassionate Release in this case. [Filing No. 1042.] He argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) his sentence is unusually long and disparately long when compared to his co-defendants' sentences, based on changes to what constitutes a crime of violence for purposes of § 851; (2) he is in poor health; (3) he is needed to care for his ailing mother; (4) he has suffered sexual abuse while at the Bureau of Prisons ("BOP"); (5) he has engaged in rehabilitation while in the BOP; and (6) other circumstances exist, including that his incarceration has been a hardship on his children and that he is vulnerable in the BOP due to being a victim of sexual abuse. [Filing No. 1044 at 3-21.] He also argues that consideration of the § 3553(a) factors warrants compassionate release. [Filing No. 1044 at 21-22.] The Government has responded to Mr. Noble's Motion for Compassionate Release, [Filing No. 1051], and Mr. Noble has filed a reply, [Filing No. 1053].

On June 3, 2026, the Court ordered Mr. Noble to show cause by July 2, 2026 why his argument regarding a nonretroactive change in sentencing law should not be denied in light of the United States Supreme Court's recent decision in *Rutherford v. United States*, 608 U.S. 454, 146 S. Ct. 1320 (2026). [Filing No. 1069.] Mr. Noble has filed a response, [Filing No. 1072], and his Motion for Compassionate Release is now ripe for the Court's consideration.

## II.
## Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exist and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

The Court discusses each of Mr. Noble's arguments in turn.

**A. Extraordinary and Compelling Reasons**

*1. Unusually Long Sentence*

Mr. Noble argues in support of his Motion for Compassionate Release that due to changes in what constitutes a qualifying prior serious drug offense under § 851, his criminal history point calculation would be lower so he would receive a lesser sentence if he were sentenced today and,

as a result, his sentence is disparately high compared to other co-defendants. [Filing No. 1044 at 7-17.] He asserts that "[i]f relief is not granted, [his] sentence will be disparate, compared to others who received a life sentence" and that "[c]ompassionate release is being granted for those serving a life sentence when the law no longer dictates that a sentence of life is mandatory." [Filing No. 1044 at 16.] However, in response to the Court's June 3, 2026 Order to Show Cause, Mr. Noble "concedes that this Court cannot use changes in the law that occurred after [his] sentence became final" to grant his Motion for Compassionate Release. [Filing No. 1072 at 1.] Accordingly, the Court considers Mr. Noble's arguments that he would receive a lesser sentence due to changes in § 851 if sentenced today and that his sentence is disparately long compared to his co-defendants to be abandoned.

In any event, Mr. Noble's arguments related to changes to § 851 are without merit. U.S.S.G. § 1B1.13(b)(6) provides:

> **(6) Unusually Long Sentence.** – If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

The Seventh Circuit Court of Appeals has held that a nonretroactive change in the law, "whether alone or in combination with other factors," cannot be considered an extraordinary and compelling reason for compassionate release. *United States v. Thacker*, 4 F.4th 569, 574-76 (7th Cir. 2021) (holding that nonretroactive change to § 924(c) cannot constitute an extraordinary and compelling reason and explaining that "there is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute") (citation omitted). Most significantly, the United States Supreme Court

considered this exact issue just over three months ago in *Rutherford*, and held that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an 'extraordinary and compelling reaso[n]' that 'warrant[s]' a sentence reduction." 146 S. Ct. at 1330 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). It explained:

> The disparity created by Congress's amendment to § 924(c) does not satisfy [the] definition [of "extraordinary and compelling"]. Far from "extraordinary," nonretroactive amendments to criminal penalties are the norm. Ordinarily, we have explained, statutory changes to federal penalties only benefit *future* offenders. Congress sometimes deviates from the default, as it did in the Act, by extending the revised penalties to defendants not yet sentenced. Even then, some measure of prospectivity is par for the course: The ordinary practice is to withhol[d] that change from defendants already sentenced. And regardless of whether the line is drawn at the offense or the sentence, a nonretroactive penalty change necessarily creates a disparity between those who receive the benefit and those who do not…. Such a disparity is an unexceptional feature of a system in which nonretroactivity is the default.
>
> As for "compelling": It is hard to see how Congress's deliberate decision *not* to extend newly reduced penalties to those already sentenced could be a convincing reason that warrants a reduction. As we have explained, Congress decided to apply the lower prison sentences to some violators of § 924(c) – those for whom a sentence had not yet been imposed – but not others. In doing so, Congress reinforced its interest in finality and avoided burdening district courts with additional litigation. Treating the disparity resulting from § 924(c)'s amendment as a compelling reason for reducing a sentence would undermine Congress's choice to leave the sentence intact.

*Rutherford*, 146 S. Ct. at 1330-31 (quotations and citations omitted, emphasis in original). The Supreme Court's decision in *Rutherford* applies with equal force to changes to § 851 and precludes Mr. Noble's arguments.

In short, and as Mr. Noble concedes, the nonretroactive changes to § 851 – even if they would lead to a lesser sentence for Mr. Noble if he were sentenced today – do not constitute an

extraordinary and compelling reason for compassionate release, whether considered alone or in combination with any other reason.[1]

### 2. *Mr. Noble's Health*

Mr. Noble argues that his health issues "remain a concern," noting that when he filed his first Motion for Compassionate Release he suffered from obesity, a ruptured spleen, and breathing difficulty. [Filing No. 1044 at 4.] He states that he uses an Albuterol inhaler for asthma, has gone from 214 pounds in 2021 to 186.2 pounds, and suffers from low back pain. [Filing No. 1044 at 4.] Mr. Noble submits medical records in support of his argument. [Filing No. 1044-1.]

The Government argues in its response that "it is clear the [BOP] can adequately care for [Mr. Noble] in such a manner that his health does not provide him a vehicle to seek relief pursuant to U.S.S.G. § 1B1.13(b)(1)." [Filing No. 1051 at 26.]

Mr. Noble does not address his health in his reply. [*See* Filing No. 1053.]

U.S.S.G. § 1B1.13(b)(1)(B) and (C) provide that an extraordinary and compelling reason exists where:

> **(B)** The defendant is--
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process,

---

[1] While Mr. Noble's sentence disparity argument appears to be based on the notion that he would not receive a life sentence if sentenced today – an argument that he concedes is precluded by *Rutherford* – he also states that the longest sentence that any of his co-defendants received was 480 months' imprisonment and his sentence "was out of proportion with his codefendants at the time, and still is" due to "the nature and circumstances of the case and the relative culpability of his codefendants." [Filing No. 1044 at 15.] As discussed above, Mr. Noble's life sentence was mandatory under the version of § 851 in existence at the time that he was sentenced. His criminal history led to the mandatory nature of his sentence, and his argument that his sentence was disparately long compared to his co-defendants is without merit.

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

Mr. Noble's medical records reflect that he has dealt with some medical conditions, including asthma and obesity. [Filing No. 934-1; Filing No. 1044-1.] But Mr. Noble simply points to the medical conditions that he suffers from, and does not discuss what treatment has been lacking or demonstrate that his ability to provide self-care has been diminished. While his medical conditions are unfortunate, Mr. Noble has not shown that the required care is unavailable within the BOP.[2]

Mr. Noble has not shown that his claimed medical conditions constitute an extraordinary and compelling reason for compassionate release, whether considered alone or in combination with any other reason.

*3. Mr. Noble's Mother's Health*

Mr. Noble argues that his mother "suffers from multilevel disc and facet degeneration, COPD, obesity, and depression," and that he is "needed at home" to care for her. [Filing No. 1044 at 5.] He asserts that he is the only person that can assist his sister, who is a registered nurse, in caring for his mother and that his sister works two jobs and cares for a grandchild. [Filing No.

---

[2] The Court also notes that Mr. Noble refers to medical records he filed with his first Motion for Compassionate Release. [Filing No. 1044 at 4 (referring to Filing No. 934-1).] The medical records he relied upon in connection with his first Motion for Compassionate Release are from 2020 and 2021, so are not particularly helpful in assessing his current health. Mr. Noble only submits four pages of "updated" medical records with his current Motion for Compassionate Release, and they are from December 2022 to February 2024. This dearth of medical records further supports the Court's conclusion that Mr. Noble has not shown that his health is an extraordinary and compelling reason for compassionate release.

1044 at 5.] Mr. Noble notes that his mother's condition has worsened since he filed his first Motion for Compassionate Release and that she recently had a heart attack, has dementia, and only allows certain people to care for her. [Filing No. 1044 at 6.] He submits his mother's medical records in support of his argument. [Filing No. 1057-2; 1063-1; Filing No. 1063-2.]

In its response, the Government argues that Mr. Noble acknowledges that his sister is caring for his mother, and notes that "it is possible [his] mother was involved during the commission of the crime that he is now serving a sentence for." [Filing No. 1051 at 26.]

Mr. Noble does not address this argument in his reply. [*See* Filing No. 1053.]

U.S.S.G. § 1B1.13(b)(3) provides:

> Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> * * *
>
> **(3) Family Circumstances of the Defendant. –**
>
> * * *
>
> **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) [where the defendant is the only available caregiver for a minor or incapacitated child, spouse, or parent] exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

Even assuming that Mr. Noble has shown that his mother's health is incapacitating, he has not shown that he is the only available caregiver for her. In fact, he acknowledges that his sister is assisting in caring for his mother, and that he would like to help his sister. Mr. Noble has not

shown that his mother's health is an extraordinary and compelling reason for compassionate release, whether considered alone or in combination with any other reason.

*4. Abuse While in the BOP*

Mr. Noble argues that compassionate release is appropriate because he has been sexually assaulted in the BOP so has "acquired a reputation, leaving him vulnerable to other sexual assaults." [Filing No. 1044 at 7.] He notes that while the assaults were not perpetrated by BOP personnel and there has been no finding in an administrative proceeding, the assaults occurred twice and meet the definition of sexual assault under 18 U.S.C. § 2246(2). [Filing No. 1044 at 7.]

The Government responds that Mr. Noble has not shown that the abuse occurred, that it was at the hands of BOP personnel or contractors, or that it was proven through any type of proceeding. [Filing No. 1051 at 27.]

Mr. Noble does not address this argument in his reply. [*See* Filing No. 1053.]

U.S.S.G. § 1B1.13(b)(4) provides that extraordinary and compelling reasons for compassionate release exist where:

> The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> **(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2)…
>
> * * *
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the [BOP], or any other individual who had custody or control over the defendant.
>
> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

U.S.S.G. § 1B1.13(b)(4).

Based on Mr. Noble's own representations, the circumstances he presents plainly do not meet the requirements of U.S.S.G. § 1B1.13(b)(4). Specifically, he acknowledges that the assaults did not involve BOP personnel and that there has been no finding of misconduct in any type of proceeding. And allegations about Mr. Noble's safety in the BOP relate to his conditions of confinement and are properly brought in a civil rights lawsuit, and not through a motion for compassionate release. *See United States v. Miller*, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that [defendant] challenges the conditions…at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Mr. Noble's argument related to being assaulted in the BOP is not an extraordinary and compelling reason for compassionate release, whether considered alone or in combination with any other reason.

*5. Rehabilitation*

Mr. Noble argues that while incarcerated he "has made good use of his time, and did so during a period of incarceration when he thought he would never get out," and has participated in several programs since he filed his first Motion for Compassionate Release. [Filing No. 1044 at 17-18.] He submits several letters of support. [*See, e.g.*, Filing No. 1044-5; Filing No. 1044-6; Filing No. 1044-7.] Mr. Noble also argues that he is considered a low risk for recidivism. [Filing No. 1044 at 19.]

The Government notes in its response that Mr. Noble's participation in programming while at the BOP "should be commended," but argues that it is not enough to warrant compassionate release. [Filing No. 1051 at 27.]

Mr. Noble does not address this argument in his reply. [*See* Filing No. 1053.]

Mr. Noble's engagement in BOP programming and rehabilitation is expected and "is not, by itself, an extraordinary and compelling reason" for compassionate release. U.S.S.G. §

1B1.13(d); 28 U.S.C. § 994(t). Rehabilitation "may be considered in combination with other circumstances," U.S.S.G. § 1B1.13(d), but the Court has already found that the other circumstances to which Mr. Noble points do not constitute extraordinary and compelling reasons for compassionate release. His efforts at rehabilitation, while commendable, are not an extraordinary and compelling reason for compassionate release, whether considered alone or in combination with any other reason.

*6. Other Circumstances*

Mr. Noble argues that other circumstances warrant compassionate release, including that his incarceration has been difficult for his children and that he is vulnerable in the BOP due to being sexually assaulted. [Filing No. 1044 at 20-21.]

The Government argues that the catchall provision of U.S.S.G. § 1B1.13(b)(5) does not provide relief for Mr. Noble because every incarceration results in the defendant being taken away from his or her family and friends, so this circumstance is not extraordinary. [Filing No. 1051 at 27-28.]

Mr. Noble does not address this argument in his reply. [*See* Filing No. 1053.]

The Sentencing Commission has provided that extraordinary and compelling reasons for release exist under the following circumstances:

> **(5) Other Reasons.** – The defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b)(5).

First, while the Court sympathizes with Mr. Noble's children and the effect that his incarceration has had on them, it does not find this to be similar in gravity to the reasons set forth in U.S.S.G. § 1B1.13(b)(1) through (4). As the Government points out, many defendants have

children who are adversely affected by their parent's incarceration and this circumstance, while tragic, is not extraordinary.

Second, as to Mr. Noble's treatment in the BOP, the Court has already noted that allegations about his safety relate to his conditions of confinement and are properly addressed in a civil rights lawsuit and not through a motion for compassionate release. *See Miller*, 2022 WL 2187555, at *1.

Mr. Noble has not established that an extraordinary and compelling reason for compassionate release exists under § 1B1.13(b)(5), whether considered alone or in combination with any other reason.

Although Mr. Noble has not established extraordinary and compelling reasons for compassionate release, the Court goes on to consider whether he is a danger to the safety of any other person or to the community and whether consideration of the factors set forth in § 3553(a) warrants release.

**B. Danger to the Safety of Any Other Person or to the Community**

Mr. Noble does not address whether he would be a danger to the safety of any other person or to the community in his opening brief, instead focusing on his reentry plan. [*See* Filing No. 1044.]

In its response, the Government points to Mr. Noble's criminal history, which includes arrests for conversion, dealing marijuana and/or cocaine on four separate occasions, driving while suspended, several burglaries, possession of marijuana, resisting law enforcement, dealing a controlled substance, and bribing a corrections officer. [Filing No. 1051 at 29-31.] It notes that many of these offenses were committed while Mr. Noble was on parole or probation and that Mr. Noble also communicated with one of his co-conspirators in this case while incarcerated on a parole revocation, using a cellular phone that he procured during his imprisonment. [Filing No.

1051 at 29-32.] The Government states that "[a]t the time of his ultimate arrest on June 6, 2011, [Mr. Noble] had been on some form of release or imprisonment since December 23, 1996, and he managed to gather eleven new convictions during that period, not to mention the four other encounters he had with law enforcement that ultimately ended up being dismissed or not prosecuted." [Filing No. 1051 at 32.]

Mr. Noble does not address whether he is a danger to any other person or to the community in his reply. [*See* Filing No. 1053.]

The offense underlying this case involved the distribution of a large amount of methamphetamine. Further, as the Government outlined in its response, Mr. Noble's criminal history is extremely extensive, including convictions for conversion, dealing marijuana, driving while suspended, multiple burglaries, possession of marijuana, resisting law enforcement, dealing a controlled substance, and conspiracy to commit trafficking with an inmate. [Filing No. 642 at 14-18.] The Court finds it extremely significant that Mr. Noble committed the majority of these offenses while either on parole or probation, demonstrating a disregard for the law each time he did so. These circumstances lead the Court to conclude that Mr. Noble would be a danger to the safety of any other person or to the community if he were released without an additional period of incarceration. Mr. Noble's reentry plan, [*see* Filing No. 1044 at 21; Filing No. 1044-3], does not alleviate the Court's concerns.

In short, the Court finds that Mr. Noble is a danger to the safety of any other person or to the community, so compassionate release is unwarranted.

**C. Section 3553(a) Factors**

The Court has already found that compassionate release is not warranted because Mr. Noble has not presented extraordinary and compelling reasons for release and because he would

be a danger to any other person or to the community if he were to be released before an additional period of incarceration. Although it need not consider the factors set forth in § 3553(a), it also finds for the reasons already discussed that releasing Mr. Noble at this point would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. Consideration of the § 3553(a) factors provides an independent basis for denying Mr. Noble's Motion for Compassionate Release.

In sum, the Court finds that Mr. Noble has not provided extraordinary and compelling reasons for compassionate release, that he would be a danger to the safety of any other person or to the community if he were to be released before an additional period of incarceration, and that the § 3553(a) factors weigh against compassionate release. Accordingly, his Motion for Compassionate Release, [Filing No. 1042], is **DENIED**.

## III.
## CONCLUSION

For the reasons stated above, Mr. Noble's Motion for Compassionate Release, [1042], is **DENIED**.

Date: 9/16/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**